**SIGNED THIS: January 22, 2008**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH ANDREW SEIBRING, | ) | Bankruptcy Case No. 06-91277 |
| | ) | |
| Debtor. | ) | |
| JOSEPH ANDREW SEIBRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 07-9030 |
| | ) | |
| GMAC MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

  This matter having come before the Court on a Motion to Reconsider filed by GMAC Mortgage LLC (GMAC) and on Plaintiff's Motion to Deny Defendant's Motion to Reconsider; the Court, having heard arguments of counsel, having reviewed written memoranda filed by the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On October 22, 2007, the Court denied the Motion to Dismiss this adversary proceeding filed by GMAC. In its October 22, 2007, Order, the Court found that the *Rooker-Feldman* doctrine and the doctrine of *Res judicata* did not apply. The Court based this decision on a finding that the State Court Judgment of Foreclosure, upon which GMAC relies, was not a final, appealable judgment order. Upon further review of the State Court Judgment of Foreclosure and Sale, the Court finds that the judgment was, in fact, a final, appealable order which was entered by the State Court on August 28, 2006, based upon the State Court's finding following an evidentiary hearing on August 23, 2006, on a Motion for Summary Judgment filed by GMAC. No appeal was ever taken of the State Court Judgment of Foreclosure and Sale by Plaintiff, Joseph Andrew Seibring.

Under the *Rooker-Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims that seek review of state court proceedings. Rooker v. Fidelity Trust Co., 236 U.S. 413, 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine also applies to issues that are not specifically raised in state court proceedings, but that are "inextricably intertwined with state court determinations." Long v. Shorebank Development Corporation, 182 F.3d 548 (7th Cir. 1999).

In the instant proceeding, the Court finds that the Plaintiff, Joseph Andrew Seibring, had ample time and opportunity in the state court proceedings to raise any and all claims that he may have had to contest the Judgment of Foreclosure and Sale sought by GMAC. There is no indication that the State Court prevented Seibring from filing any pleadings or presenting any evidence. Seibring seems to blame his attorney in the state court foreclosure proceedings for his present circumstances; however, this Court can find no authority which recognizes that the alleged lack of effective counsel is a basis to avoid the application of the *Rooker-Feldman* doctrine.

In addition to finding that the Plaintiff's action is barred by the *Rooker-Feldman* doctrine, the Court also must conclude that the Plaintiff's action is barred by the doctrine of *Res judicata*. In <u>Byrd v. Homecomings Financial Network</u>, 407 F.Supp.2d 937 (N.D. Ill. 2005), the Court stated that "federal courts must give state court judgments the same preclusive effect they would have in state court." The Court also stated:

> *Res judicata* applies where (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identify of the parties and their privies; and (3) there is an identity of causes of action. <u>Byrd v. Homecomings Financial Network</u>, <u>supra</u>, at 944.

The Court finds that each of the elements of *Res judicata* are present in this case. The State Court Judgment of Foreclosure and Sale was adjudicated on the merits and the judgment was a final and appealable judgment by virtue of the language in paragraph 14 of the Judgment. Thus, based upon the *Rooker-Feldman* doctrine and the principle of *Res judicata*, the Court finds that it must allow the Motion to Reconsider filed by GMAC, and dismiss the instant adversary proceeding.

###